IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FOOD EMPLOYERS LABOR RELATIONS ASSOCIATION AND UNITED FOOD AND COMMERCIAL WORKERS HEALTH AND WELFARE FUND AND ITS TRUSTEES, et al. | * * * * * * |
| Plaintiffs | * Civil No.: PJM 13-2881 |
| v. | * * |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. | * * * |
| Defendant | * |

**MEMORANDUM OPINION**

Plaintiff The Food Employers Labor Relations Association and United Food and Commercial Workers Health and Welfare Fund and its Trustees (collectively, the "Fund") has filed a Motion for Entry of Scheduling Order (Paper No. 22), asking the Court to set a new scheduling order allowing the Fund to take 90 days of discovery before it must respond to Defendant The Great Atlantic & Pacific Tea Company, Inc.'s ("A&P") pending Motion for Summary Judgment (Paper No. 14). A&P opposes the Motion because it is in essence a request for the Court to defer ruling on the Motion for Summary Judgment that fails to comply with Federal Rule of Civil Procedure 56(d). The Court agrees, and the Fund's Motion for Entry of Scheduling Order is **DENIED**.

A&P filed its Motion for Summary Judgment on January 30, 2014. The Fund's Response in Opposition was due March 7, 2014. Two days before the Response was due, the parties jointly requested a stay of all deadlines pending the outcome of mediation, which the Court granted. The Court has been informed that mediation was held on May 6, 2014, but the parties

did not come to a resolution. After the Mediation was held (and the stay of deadlines was therefore lifted), the Fund filed the present Motion, seeking to defer deadlines for an additional 90 days to conduct discovery before responding to the pending Motion for Summary Judgment. A&P opposed the Motion, and the Fund did not file a Reply.

Summary judgment is generally appropriate only after "adequate time for discovery." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). "[S]ummary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, n. 5 (1986). Federal Rule of Civil Procedure 56(d) governs the situation where, as here, the nonmovant seeks to conduct discovery prior to a ruling on a Motion for Summary Judgment:

> **When Facts are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3)  issue any other appropriate order

Fed. R. Civ. P. 56(d).  The Fourth Circuit places "great weight on the Rule 56(f) [now Rule 56(d)] affidavit." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). *see also Rohrbough v. Wyeth Labs., Inc.,* 916 F.2d 970, 972 n. 3 (4th Cir. 1990) (if plaintiffs arguing that summary judgment was premature because they had inadequate time for discovery were "genuinely concerned," then they "should have sought relief under Rule 56(f)" (now Rule 56(d))).

It is true that A&P filed its Motion for Summary Judgment before discovery had closed. But the procedure for the remedy the Fund now seeks is clearly set forth in Rule 56(d). The Fund

has made no attempt to comply with Rule 56(d), as it has not filed an affidavit or declaration providing specified reasons that it cannot present facts essential to justify its opposition.

Accordingly, the Motion for Entry of Scheduling Order (Paper No. 22) is **DENIED**. Plaintiffs will be given **sixty (60) days** from the date of the Opinion to respond to the Motion for Summary Judgment. A&P may then reply in the ordinary course.

A separate Order will **ISSUE.**

                                                                      /s/
                                 **PETER J. MESSITTE**
                          **UNITED STATES DISTRICT JUDGE**

**June 24, 2014**